## JACKSON v. HUGHES.

1. Interrogatories, filed pursuant to the act of 1837, in order to obtain the plaintiff's testimony, may be served either on the plaintiff, *or his attorney;* and if not answered, the suit may be dismissed, or continued, with the view of obtaining answers.

WRIT of error to the Circuit Court of Barbour.

This was an action of assumpsit, commenced by attachment on two promissory notes, at the suit of the defendant in error against the plaintiff. A judgment was rendered for the plaintiff for the amount of the notes and interest, reciting that the defendant had withdrawn his plea. Previous to the rendition of the judgment, the defendant excepted to the ruling of the court. The question arising upon the bill of exceptions is, whether interrogatories filed pursuant to the statute, in order to obtain the plaintiff's testimony without resorting to a bill of discovery in chancery, should be served on him personally? The judge of the county court decided, that such service was indispensable, although publication had been made in a newspaper for sixty days requiring the plaintiff to answer the interrogatories, and declaring, as a consequence of his neglect, that the same would be considered as affirmatively answered; and although the interrogatories were pertinent and material, and a copy of them had been served on plaintiff's attorney six months previous to the sitting of the court. It was not only adjudged that the service

33

was insufficient, but, in the language of the bill of exceptions, *"the interrogatories were ruled out."*

The cause was removed to the circuit court by writ of error, where the matter of the bill of exceptions was assigned for error, and the judgment of the county court affirmed.

WILEY, for the plaintiff in error.

No counsel appeared for the defendant.

COLLIER, C. J.—It is admitted that the interrogatories had been regularly filed, and were such as the act of 1837 authorized to be exhibited in lieu of a bill of discovery. In such case the statute enacts, if the party to whom interrogatories shall be so propounded, and who shall be so required by the court to answer the same, shall, in sixty days after notice and a copy of such interrogatories served on him, fail to make answer in manner aforesaid, or shall answer the same evasively, the court may attach him and compel him to answer in open court, or it may continue the cause and require more direct and explicit answers; or if the party to whom such interrogatories shall be propounded, be defendent in the action, it may set aside his plea or pleas, and give judgment against him as by default; or if the plaintiff, may order his suit to be dismissed with costs, as shall, in the discretion of the court, be deemed most just and proper." [Clay's Dig. 341, sec. 160.] The failure of the plaintiff to answer the interrogatories did not authorize the court to consider the truth of the facts which they sought to elicit, as either admitted or denied. It is true, that in case of such neglect on the part of a plaintiff, the court is invested with a discretion; but this does not extend so far as to anticipate his answers by prescribing their terms; it relates only to the suit itself, which may be dismissed, "as shall be deemed most just and proper." If the court shall believe that justice would be most promoted by continuing the cause until the interrogatories are answered, it is certainly competent under the discretion conferred by the statute, thus to dispose of it.

The act of 1818 provides that "In all cases pending before any of the courts of record, written notice to the attorney of record shall be as valid and legal to all intents and purposes, as if served on the party in person." [Clay's Dig. 337, sec. 137.] This statute was, it is true, enacted long before that which invested

the courts of law with the power to compel discoveries upon the oath of either party; yet, so far as applicable, it operates upon subsequent legislation, and the question is, whether, in the present case, the act of 1837 is so explicit and imperative in its requirements, as to make a personal service of the interrogatories on the party indispensable. We cannot think that there is anything in the statute or the subject matter to which it relates, which requires a construction so stringent. Notice to an attorney of the time and place of taking a deposition, it is well settled, is equivalent in law to notice to his client. This principle rests upon the fact that he represents the latter in respect to the cause; and that, as it is his duty, it is supposed he has such intercourse and correspondence with his client, as may be necessary to enable him to conduct the suit or defence. This reason seems to apply with all force to the case at bar. In truth, we can discover no reason to warrant us in repudiating the application of the act of 1818.

In refusing to consider the interrogatories as answered affirmatively, the county court administered the law correctly; but it erred *in ruling them out of court*—that is, as we understand it, in deciding that the notice was not such as authorized a dismissal of the suit, or its continuance with the view of obtaining the answers of the plaintiff.

The judgment of the circuit court, affirming that of the county court, is reversed; and this court, rendering the proper judgment, reverses that of the county court, and thence remands the cause for further proceedings.