## HUGGINS v. CARTER & HEATHMAN.

1. Under the law authorizing the testimony of parties to the suit to be taken, the testimony of one living out of the State, may be taken, by a commission issuing by order of the Court.
2. Notice to the attorney of record is sufficient.

Error to the County Court of Lowndes.

DEBT by the plaintiff in error, against the defendant in error.

From a bill of exceptions taken in the cause, it appears, that the defendants offered in evidence, a paper, purporting to be taken in the State of North Carolina, and to be answers of the plaintiff to interrogatories filed in this cause, in which he denied that he had authorized the suit to be brought; and also, that the instrument sued on, was discharged by a payment, partly in money, and the residue in a note. The answers are sworn to, and purport to be signed by the plaintiff. The official character of the justice before whom the answers were taken, is certified by the clerk of Iredel County Court, and the authority of the clerk, by the chairman of the Court of Pleas and Quarter Sessions of Iredel county, North Carolina.

The plaintiff's attorney objected to the reading of the papers, because there was no proof that the plaintiff executed it, or in any manner authorized its execution, but the Court permitted it to be read, as it purported on its face, to be taken by a person commissioned by the clerk of the Court, as in cases of taking the testimony of witnesses by interrogatories.

It was further objected, that the plaintiff lived beyond the State, and could not be called on, to answer interrogatories. That notice had not been served on the plaintiff, but upon his counsel. That the answers were sworn to before some authority unknown to the laws of this State—and that the answers were not filed by the plaintiff; all which objections were overruled by the Court, and the answer being read, the Court, on

motion of the defendant's counsel, withdrew the cause from the jury, and dismissed the same, at the cost of the plaintiff.

To all which the plaintiff excepted, and which he now assigns as error.

Cook, for the plaintiff in error.

Gilchrist, contra.

ORMOND, J.—If the admission of the plaintiffs found in the record, were admissible as evidence, it would be very clear, that the Court acted right in dismissing the suit. From that, it appears, not only that he never authorized the suit to be brought, but that no suit could be maintained on the instrument sued upon, unless it had been shown, that some one else had a right to institute the suit in his name.

The paper offered in evidence, cannot be considered as the deposition of the plaintiff, because it does not appear, that the person by whom it was taken, was authorized to act by a commission emanating from the County Court of Lowndes, or from its clerk, delegating to him such power; it is therefore an *ex parte* proceeding, and entitled to no weight whatever, as evidence.

It appears to have been designed as a proceeding under the statute, requiring the plaintiff to answer interrogatories, to be read on the trial of the cause; but so considered it is wholly irregular. Neither the interrogatories, the order of the Court directing the plaintiff to answer, nor the order of the Court directing the clerk to issue a commission for the purpose of having the answers of the plaintiffs certified, appears upon the record. Some of these things do appear in the paper certified from North Carolina, but being objected to, they cannot be regarded as a part of the record.

It appears to have been supposed, that it was necessary for the party filing the interrogatories, to procure the answers and file them, but such was not the intention of the statute. The interrogatories were designed as a substitute for a bill of discovery, which the opposite party is required to answer. If he, being plaintiff, fail to do so, the Court may dismiss the cause; or, being defendant, may render judgment against him, as by default. [Clay's Dig. 341, § 160.]

We do not doubt, that the law applies to non-resident plaintiffs as well as to those resident within the State. In such a case, it would be the duty of the Court, to direct a commission to issue, to take and certify the answers, and to stay the proceedings a sufficient length of time to obtain the answer.

That notice of the interrogatories may be served on the attorney of the party, see 6 Ala. Rep. 257.

Let the judgment be reversed and the cause remanded.