# Cain Lumber Co. v. Standard Dry Kiln Co.

*Action for damages for refusing to receive goods sold.*

1. *Examination of non-resident party by interrogatories.*—Where under the provisions of sec. 2816-32 of the Code, one party proposes to examine upon interrogatories, the other, who is a non-resident, a copy of the interrogatories must be served upon the attorney of record of the party to be examined, whose duty it then becomes, to sue out the commission required by law.

2. *Plea denying partnership.*—When a suit against a partnership is founded on an instrument in writing, the due execution of the instrument, and that it is a partnership obligation, can be put in issue only by a verified plea: but a sworn plea of *non est factum* is sufficient.

3. *Proof of partnership.*—When a controversy is not between partners *inter se*, but with strangers, in order to charge persons as partners, the utmost strictness of proof is not required. It is sufficient to show that they have acted as partners, and that by their habit and course of dealing, conduct and declarations, they have induced those with whom they may have dealt, to consider them as partners. And strangers dealing with them in good faith, may rely on these outward, visible circumstances, unaffected by the inquiry when the partnership articles were signed, or when the incohate agreement to form a partnership, ripened into a final agreement.

4. *Recovery of special damages.*—In an action for damages, special as distinguished from general damages, cannot be recovered, unless they are averred in the complaint with such certainty and distinctness, that the defendant will be informed of the facts intended to be proven, and that the court can ascertain whether there be a right to recover them.

APPEAL from Montgomery City Court.

Tried before Hon. T. M. ARRINGTON.

The Standard Dry Kiln Co. brought this action against the Cain Lumber Co. as a partnership, and against the individuals alleged to compose it, and sought to recover damages from the defendants for their failure to accept certain machinery ordered by them from the plaintiff. The defendants, Cain and Moore, interposed a plea denying any partnership such as that alleged in the complaint, and Cain alone plead *non est factum*.

[Cain Lumber Co. v. Standard Dry Kiln Co.]

The plaintiff introduced in evidence, a written order addressed to plaintiff by the Cain Lumber Co. ordering of them according to certain specifications, an apparatus for drying lumber, and also a contract for the sale to them thereof, at a stipulated price. This order and contract was signed in name of Cain Lumber Co. and was made for them by the defendant, Moore. Subsequently, the defendants refused to receive or pay for this machinery. The facts upon which the case was litigated, are sufficiently shown by this opinion. From a judgment for the plaintiff, the defendants appealed.

L. C. SMITH and LOMAX & LIGON, for appellant.

MARKS & MASSIE contra.

BRICKELL, C. J.—The sections of the Code, (2816-32), entitled "Examination of parties by interrogatories," had their origin in a pre-existing statute which in terms provided for a discovery at law. Clay's Dig. 341, § 160. In *Allen v. Lathrop*, 90 Ala. 490, it was in effect, decided that the construction given the pre-existing, should be applied to, the present statute. We see no reason to doubt the correctness of the decision. The purposes of the two statutes, and the mode of precedure prescribed, are similar, if not identical. Each created a right to a discovery in civil suits at law, which, in the absence of statute, could be obtained only in equity. The mode of procedure is assimilated to that pursued in equity. The filing of interrogatories, which when read in connection with the issues formed, disclose the materiality and pertinency of the testimony sought to be elicited, is the equivalent of the necessary allegations of a bill in equity for discovery. The requisition of a verified answer to them, and the proceedings to which the court may resort, if answer is not made, or if it be not full, or evasive, indicate that the practice and procedure should be analagous, to the practice and precedure of courts of equity.

The party to whom the interrogatories are filed, cannot be placed in default for the want of an answer, unless he fails to answer for sixty days after service of the interrogatories. The mode of service, if the party reside out of the State is not particularly prescribed, nor

was it prescribed by the pre-existing statute. Notice is an essential element of the regularity and validity of all such procedure, and if the mode in which it shall be given is not prescribed, the presumption is, not that it was the legislative intent to dispense with it, but rather that it must be given in accordance with the general rules of practice by which the court is governed. As a general rule of practice in all suits at law, the Code declares: "Written notice to the attorney of record is as effectual as notice to the party to be affected by it, and may be executed by the sheriff, whose return is evidence of the fact."—Code, § 2736. In *Jackson v. Hughes*, 6 Ala. 257, arising under the pre-existing statute, it was held, that service of the interrogatories on the attorney of record, was the equivalent of service on the party.

The statute, in general terms, declares that if the party to whom the interrogatories are directed, resides out of the State, "the clerk must issue a commission to take his testimony, to which a copy of the interrogatories must be appended." The statute does not, in express words, declare that the commission must issue at the instance of the party to whom the interrogatories are addressed, yet, it is incapable of any other interpretation. He is the party to be put in default, and who may suffer from the default, if answers to the interrogatories are not made and certified; and it is of consequence his exclusive right to sue out the commission. Such is the practice in courts of equity, (Rule 34, Ch. Pr. Code, p. 817), and correspondence to this practice, the statute contemplates.

Without notice of the filing of the interrogatories to the attorneys of record of the plaintiff, the defendant sued out a commission for the taking and certifying the answers of the plaintiff, nominating the commissioner. The commissioner called before him an officer of the plaintiff, who made answers to the interrogatories, but he declined to forward the answers to the court, unless his fees for the taking and certifying of them were paid. The whole procedure was irregular and unauthorized, and the plaintiff, or any of its officers, could well have refused to take notice of, or to have made answer to the interrogatories. By no such procedure, could the plaintiff be placed in default, entitling the defendant to claim that judgment of nonsuit be entered. If there was any

[Cain Lumber Co. v. Standard Dry Kiln Co.]

dereliction of duty, it was the dereliction of the defendant primarily, followed by that of the commissioner of the selection and nomination of the defendant, which cannot be visited on the plaintiff. For these and other reasons, on which it is not necessary to dwell, there was no error in overruling the motion to nonsuit the plaintiff.

When suit against a partnership is founded on an instrument in writing, the due execution of the instrument and that it is a partnership obligation, can be put in issue only by a verified plea.—Code, § 2770. A plea of *non est factum*, is a sufficient denial of liability to satisfy the requirements of the statute.—*Fowlkes v. Baldwin*, 2 Ala. 705; *Mauldin v. Bank*, *ib.* 502. Such plea casts on the plaintiff the burden of proving the existence of the partnership, and that the party pleading, and the party signing the instrument, at the time of its signing, bore the relation of partners. The verified plea interposed by the defendant Cain, cast this burden on the plaintiff in this case. Direct, positive proof of the partnership, was not reqired; and when the controversy is not between the partners *inter se*, but with third persons, is usually not attainable. In *McNeill v. Reynolds*, 9 Ala. 315, it was said by Collier, C. J.: ''In order to charge persons as partners, the utmost strictness of proof is not required. It is sufficient to show that they have acted as partners, and that by their habit and course of dealing, conduct and declarations, they have induced those with whom they may have dealt, to consider them as partners.'' There is no fact which becomes the subject of judicial contestation, that may not be as well proved by circumstances having a reasonable tendency to support its existence, as by the direct, positive testimony of witnesses having personal knowledge of it.

The facts introduced by the plaintiff, as evidence of the partnership, against the objection of the defendant, may be thus summarized: Moore, by whom the contract in suit was signed with the firm name, and the defendant Cain, were and had been members of a partnership known as Moore, Kirkland & Co., engaged in the buying and selling of lumber. The partnership contemplated adding to its business the manufacture of lumber, locating that branch in Georgia, and conducting it under the name of the Cain Lumber Company. Prior to the

making of the contract, they had entered upon the business, and were engaged in negotiations with the agent of the plaintiff for the purchase of a machine, similar to that, the price of which is the consideration of the contract sued on; but made purchase of such machine from another seller. In the name of Moore, Kirkland & Co. the negotiations with the agent of the plaintiff were resumed by Moore, the result of which was the making of the present contract. When Cain was informed of the contract, he did not disown or repudiate it as unauthorized, or deny the existence of the partnership; nor, so far as appears, did he ever make such a disavowal, or denial, until the filing of the present plea of *non est factum*. He claimed that the contract of purchase was conditional, and sought relief from it on that ground only. The conversation he had with the agent of plaintiff, in which, in substance, he stated that they would try the machine they had purchased from another company for thirty days, but he did not believe it would prove satisfactory, and then they would take the machine purchased from the plaintiff, were each and all properly received in evidence. It requires no analysis or discussion to show that each part of the evidence to which objection was made, had a tendency to prove the existence of the partnership, the consequent authority of Moore to make the contract, binding the partnership in its entity, and the several members comprising it. It is true, as is insisted, that some of the facts were without reference to the contract in suit, but were of particular reference to another contract. That is not material; without reference to the particular contract with which they may have been connected, they were pertinent and relevant in support of the hypothesis of the existence of the partnership, and it is this pertinency and relevancy which rendered them admissible; their sufficiency and probative force were for the consideration of the jury.

The written articles of partnership forming the Cain Lumber Company, were not signed until several days after the making of the contract with the plaintiff; and one Emerson signed them in connection with the members of the firm of Moore Kirkland & Co. In consequence of the inability of one of the associates to make his stipulated contribution to the capital of the partnership, the partnership was abandoned, and the business was there-

after conducted under the former firm name of Moore, Kirkland & Company, and not under the firm name of Cain Lumber Company. The relevancy or force of this evidence, we do not perceive. It is not inconsistent with the existence of the partnership, as the Cain Lumber Company, at the time of the making of the contract with plaintiff, nor does it lessen the force of any fact or circumstance tending to show its prior existence.

The point of several of the objections to the admissibility of evidence made in the court below, seems to have been, and such is the argument here made, that the articles of partnership, were the primary and exclusive evidence of the commencement and existence of the partnership. In controversies between partners, as to their respective rights and liabilities, it often becomes material to ascertain when the partnership actually commenced. If there are written articles of partnership, and they do not import the contrary, ordinarily, the date of the articles fixes the beginning of the partership.—*Ingraham v. Foster*, 31 Ala. 123. And there are inchoate agreements to form a partnership, not ripening into the relation, until there is a final agreement constituting it; and from the day of such agreement, the partnership has its commencement. Partnerships are often formed by parol,—they rest in mere verbal agreement. Whether formed by writing, or by parol, their commencement, existence and continuance is generally manifested to strangers by circumstances; outward, visible facts—by the acts, the conduct, declarations, dealings and transactions of the several partners in the partnership name. Where such transactions are involved, strangers dealing with the partnership in good faith, may well rely on these outward, visible circumstances, unaffected by the inquiry when the partnership articles were signed, or when the inchoate agreement to form the partnership, ripened into a final agreement.—Collyer on Part., 804, § 509. The evidence to which we have heretofore referred, had, as we have said, to say the least, a reasonable tendency to show that the partnership had commenced and was actually engaged in business when the contract was made; upon all that it manifested, the plaintiff could reasonably and rightfully rely, and cannot be disappointed by the fact that the execution of the articles of partnership was deferred to a later day. There was

of consequence, no force in the numerous objections to evidence made by the defendant Cain, and no error in the refusal of the several instructions requested by him.

The scope of the controversy in the court below, seems to have been limited, if not exclusively, more immediately, to the question of the existence of the partnership; certainly all the instructions to the jury, given or refused, were directed only to this question, as were nearly all the objections to the admissibility of evidence. The character of the contract, whether it is a contract of bargain and sale, or executory for the manufacture and future delivery of machinery; what are the respective rights and liabilities of the parties, if the contract is of the one or the other nature or character; or what is the measure of damages the plaintiff is entitled to recover, were matters, so far as is shown by the record, upon which the court below was not required to make, and did not make any specific rulings; and of consequence are not now open for consideration. If in any event, the compensation the plaintiff paid, or promised to pay Beale, its agent, for the negotiation of the contract, could be deemed an element of recoverable damages, it would be an element of special, not of general damages—of the proximate damage, presumed necessarily to result from the breach of the contract. The complaint makes only a claim of general damages; it afforded the defendant no information that the special damages, and certainly not that this compensation would be claimed as a part of the recoverable damages. The rule is well settled, that in an action for the recovery of damages, special as distinguished from general damages, must be averred with so much of certainty and distinctness, that the defendant will be informed of the facts intended to be proved, and that the court can ascertain whether there be a right to recover them. The evidence in reference to this compensation was inadmissible, and there was error in overruling the objection to it. The admisssion of irrelevant evidence is an error which will work a reversal of a judgment, unless the record clearly shows no injury could have resulted from it.—1 Brick. Dig. 809, § 90. Whether this evidence influenced or entered into the verdict of the jury, is now mere matter of conjecture. We can feel no assurance that it was not without influence, and did not induce the rendi-

tion of a verdict for a larger sum than would have been the result of the deliberations of the jury in its absence.

The instructions given the jury at the instance of the plaintiff are assigned as error. The assignment has not been argued by counsel, and must be deemed waived. For the error pointed out, the judgment must be reversed and the cause remanded.