CERECEDO HERMANOS & CA. ET AL.

*v.*

LA ADMINISTRACIÓN GENERAL.

APELACIÓN procedente de la Corte de Distrito de

San Juan.

No. 16.   Resuelto en Mayo 16, 1905.

RECURSO CONTENCIOSO ADMINISTRATIVO.—CADUCIDAD DE LA INSTANCIA.—Cuando el curso de un pleito contencioso-administrativo estuviere detenido por más de un año por culpa de la parte demandante ó recurrente, la que se le imputará cuando la prosecución del mismo depende de algún trámite ó diligencia en el último deba evacuar ó cumplir, se considerará abandonada la instancia.
ID.—PRÁCTICA DE PRUEBA.—Transcurrido el término para la práctica de las pruebas en un pleito contencioso-administrativo, sin que éstas se hubieren practicado, no podrá verificarse después, y el Secretario debe dar cuenta al Tribunal, para que éste dicte las providencias oportunas y siga el pleito su curso, sin que al efecto sea necesario gestión alguna de las partes.

Los hechos están expresados en la Opinión.

Abogado de los apelantes: SR. ALVAREZ NAVA.

Abogado del Pueblo: SR. DEL TORO, Fiscal.

EL JUEZ ASOCIADO SR. HERNÁNDEZ, emitió la opinión del Tribunal.

CON FECHA dos de Octubre de mil novecientos uno, el Letrado Don Antonio Alvarez Nava, á nombre de S. Melón y Ca. y otros, interpuso demanda contenciosa-ad-

ministrativa contra resolución de la Comisión liquidadora de la extinguida Diputación Provincial para el reembolso del importe de billetes de la Lotería Provincial, correspondientes á sorteos que no habían tenido lugar.

En ocho de Enero del año siguiente el propio Letrado Alvarez Nava, á nombre de Cerecedo Hermanos y Ca. y otros, interpuso también otra demanda contenciosaadministrativa contra la propia Comisión liquidadora de la extinguida Diputación Provincial con el propio objeto de obtener el reintegro del importe de billetes de la Lotería Provincial, que correspondían á sorteos no realizados.

El primero de dichos pleitos fué abierto á prueba por auto de 20 de Febrero de 1902, y en ese estado se suspendió su curso por haber solicitado en el segundo el Hon. Attorney General, al contestar la demanda, que se ordenara la acumulación de ambos pleitos, cuya acumulación, previa la tramitación correspondiente, se acordó por auto de 12 de Abril del mismo año, en cuyo auto también se dispuso que en el término de diez días propusieran las partes las pruebas que les interesaran con el fin de que llegando á un mismo estado los dos pleitos se continuaran y decidieran como un sólo procedimiento.

Propuestas por ambas partes las pruebas que estimaron oportunas, fueron declaradas pertinentes por autos de 21 de Abril y 1o. de Mayo de 1902, y se ordenó su práctica dentro del término de 20 días señalado al efecto.

En ese estado los pleitos acumulados, sin que ninguna de las partes hubiera instado su curso, el Letrado Don Antonio Alvarez Nava presentó escrito en 7 de Marzo de 1904 solicitando se ordenara la práctica de las pruebas, librando al efecto las comunicaciones necesarias y mandando continuar la sustanciación de los pleitos acumulados, con arreglo á lo dispuesto en los artículos 329

y siguientes del Reglamento para la ejecución de la Ley de lo Contencioso-administrativo; mientras que el Hon. Attorney General, con fecha 16 del propio mes, presentó también escrito para que se declarara caducada la instancia, en atención á que el pleito había estado abandonado durante el espacio de más de un año por culpa del demandante ó recurrente.

A esa pretensión de caducidad se opuso la representación de los demandantes y la Corte de Distrito de San Juan dictó auto en 26 de Marzo del año próximo pasado, cuyos fundamentos de derecho y parte dispositiva dicen así:

"Considerando: que á tenor del artículo 95 de la Ley de lo Contencioso-administrativo, se tendrá abandonado todo pleito cuyo curso se detuviera por más de un año por culpa del demandante ó recurrente, determinando el artículo 195 del Reglamento que se imputará á éste la detención cuando la prosecución del pleito dependa de algún trámite ó diligencia que debe evacuar ó cumplir.

Considerando: que en el caso presente, no ha dependido la paralización de este pleito de ningún trámite ó diligencia que el recurrente viniera obligado á cumplir, sino de ambas partes, puesto que para una y otra corría el término de 20 días para la práctica de las pruebas propuestas, pudiendo cualquiera de ellas haber solicitado, transcurrido dicho término, que se dictara la providencia determinada en el artículo 58 de la Ley y 339 del Reglamento, esto es, que se formara el extracto del pleito, pudiendo entonces seguir los autos su curso, sin que hubiera sobrevenido la paralización que se trata de imputar exclusivamente al demandante.

Vistos los artículos citados.

No ha lugar á declarar caducada la instancia en este pleito y, habiendo transcurrido el término de prueba, fórmase el extracto de este pleito que se pondrá de manifiesto en Secretaría juntamente con las actuaciones y expediente administrativo por el término de cinco días, transcurridos los cuales se dará cuenta para el señalamiento de la vista. Lo acuerda y firma el Tribunal; certifico.—Juan Morera Martínez.—Angel García.—José Tous Soto.—Luis Méndez Vaz."

Contra ese auto han interpuesto ambas partes recurso

de apelación, el abogado de los demandantes por haberse declarado transcurrido el término de prueba con los demás pronunciamientos consiguientes, y el Hon. Attorney General por haberse denegado la caducidad de la instancia, cuyo recurso pende hoy de decisión ante esta Corte Suprema, después de haberse oído las alegaciones de ambas partes.

El primer Considerando del auto recurrido es aceptable por ajustarse á los preceptos de los artículos 95 de la Ley de lo Contencioso-administrativo y 195 de su Reglamento; pero no estamos conformes con el segundo fundamento, pues la paralización del pleito no dependía de instancia de las partes, sino del Secretario de la Corte de Distrito de San Juan, quién después de terminado el período señalado para la práctica de las probanzas de ambas partes debió dar cuenta á dicho Tribunal para que éste diera cumplimiento á lo que previenen el artículo 58 de la Ley de lo Contencioso-administrativo y 339 de su Reglamento, sin que para ello fuera necesario gestión alguna que debieran practicar los interesados.

No se está, pues, en el caso de declarar la caducidad de la instancia; y como el término señalado para la práctica de las pruebas venció sin que se practicaran, no cabe disponer ahora que se practiquen, pues se infringiría el artículo 338 del Reglamento para la aplicación de la Ley de Lo Contencioso-administrativo, que dispone que transcurrido el término de prueba no se podrá practicar diligencia alguna probatoria.

Por las razones expuestas es de confirmarse el auto recurrido de 26 de Marzo del año próximo pasado, declarando no haber lugar á la caducidad de la instancia en el presente pleito, ni á la práctica de pruebas por haber transcurrido el término señalado para ello, con las costas del recurso en la forma ordinaria.

*Resuelto de conformidad.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociado Figueras.

Jueces disidentes: Sres. MacLeary y Wolf.