# Cleghorn *v.* The State.

## *Adultery.*

(Decided May 22, 1913.   62 South. 329.)

1. *Bill of Exceptions; Establishment; Notice; Proof.*—In a proceeding for taking proof to establish a bill of exceptions, unless the officer certifies that the other party was actually present, an un sworn certificate of the attorney of one convicted of crime that he mailed a copy of the notice, properly stamped and addressed to the solicitor, is not sufficient proof of service, which must be sworn to, unless made by the sheriff as provided by section 5352, Code 1907. (Rule 40, Sup. Ct. Pr.)

2. *Same.*—Even if proof of service was sufficient, the service by mail was not good without proof that the notice was actually received.

3. *Evidence; Delivery by Mail; Presumptions.*—The general rule of presumption that a letter addressed, stamped and mailed was delivered in due course does not apply in such a case as this, where the solicitor has no opportunity to deny receipt of the notice, if the presumptions were not correct.

APPEAL from Macon Circuit Court.

Heard before Hon. S. L. BREWER.

[Cleghorn v. The State.]

Andrew Cleghorn was convicted of adultery and he appeals. The case is submitted on merits, and on motion to establish a bill of exceptions. Motion denied, and cause affirmed.

MERRITT & RILEY, and O. S. LEWIS, for appellant. No briefs reached the Reporter.

R. C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

THOMAS, J.—This cause is submitted on a motion to establish a bill of exceptions and on the merits.

The motion to establish the bill of exceptions must be denied, for the reason that the provisions of rule 40 of the Supreme Court, fixing the regulations for the taking and certifying of proof in support of bills of exceptions when sought to be established. were not complied with in an important particular. It appears that the opposing parties neither agreed on a commissioner to take the testimony nor on a time for taking it; but that defendant's counsel, as was their right under said rule 40, selected a competent justice of the peace to sit as such commissioner, and that May 13th at the courthouse of the county was named as the day and place for taking the testimony. The commissioner at said time and place had the right to proceed with the taking of the testimony only, however, in one of two events: Either in the event the opposing party had at least five days' previous notice, or in the event, if he did not have such notice, he appeared at the examination and waived it.— *Cain Lumber Co. v. Standard Dry Kiln Co.,* 108 Ala. 348, 349, 18 South. 882; *Jennings v. Pearce,* 101 Ala. 538, 14 South. 319. Here it seems clear from the record that the opposing party, who was, of course, the solici-

18 CA

tor of the circuit, was not present, either in person or through a representative, at the examination. In such condition the record must affirmatively show that he had the notice required by the rule, which, on this point, reads thus: "The party desiring to examine a witness or witnesses under this rule shall cause reasonable notice in writing to be served on adverse counsel in no case to be less than five days, giving notice of the time and place of the examination, and of the witnesses proposed to be examined. Such notice, with the service thereon, shall be made part of the depositions [required to be certified to this court by the commissioner], unless the commissioner certifies that the adverse party, by himself or counsel, was present at the examination." The only proof contained in the record as to the service of such a notice is merely an unsworn certificate, signed by one of appellant's counsel, certifying "that on May 6th, 1913, he mailed a copy of above notice [which is set out], postage prepaid with special delivery stamp thereon, to Hon. W. B. Bowling, at Rockford, Coosa County, Alabama, at which place the said W. B. Bowling, Solicitor of 5th Judicial Circuit, was, and that service was made on said Bowling in said manner." This is neither a sufficient service nor sufficient proof of service if it had been properly made.

The usual mode, and one provided by section 5352 of the Code, for getting service of any notice required to be given by one party to another in the course of a legal proceeding, and of getting proper proof of such service when made, is to turn the notice, original and copy, over to the sheriff for execution. If the party to be served is in his county, he executes it personally or through a deputy, and, if not in his county, he sends it to the sheriff of the county where the party is. When service is perfected, the sheriff's return or certificate

[Cleghorn v. The State.]

of the fact of service, indorsed on the original notice, imports verity and is accepted in the courts the same as if he had sworn to the facts recited in the return, and this because he acts under the sanction of his official oath.—*Paul v. Malone & Collins*, 87 Ala. 544, 6 South. 351.

Rule 40, which we are considering, probably contemplated that the service of the notice required and the return thereof should be made by the sheriff in this usual way (*Cain Lumber Co. v. Standard Co.*, 108 Ala. 348, 18 South. 882); but we are not to be understood as holding that this method is exclusive, for we are of opinion that it would be entirely competent for counsel of the movant to serve the notice. When he does so, however, he must make oath before the commissioner that he has done so, and of the way in which he did so, which must be set out and certified to us with the other depositions. Here we have only an unsworn certificate, as said, from one of defendant's counsel, that he made the service of the notice, and of the manner in which he made it. Neither, as before said, is sufficient—one for the reasons just adverted to (that is, that the return is not sworn to), and the other for the reason that the facts stated, even if properly sworn to, are not sufficient to show service (that is, they are not sufficient to show that the opposing party actually received the notice, and that he did so five days before the examination of the witnesses was had before the commissioner).

Proof of facts which tend to show that he may have received it and was likely to have done so in the ordinary course of things will not suffice. It is imperative that he actually get the notice, and that positive proof of the fact be made. These are conditions precedent to movant's right to proceed with the taking of the testi-

mony.—*Cain Lumber Co. v. Standard Co., supra.* Circumstantial evidence will not do.

We are aware of the general rule that when it is shown that a letter or notice was put in an envelope, and that it was properly addressed, stamped, and mailed, the presumption is that the addressee received it in the usual course of mail, yet, this is merely a rule of presumption, and is indulged in cases where the addressee would have an opportunity of denying the truth of the fact presumed if the presumption were not correct. In such case his failure to deny that he received the letter is conclusive of the correctness of the presumption. Here no such opportunity is afforded the addressee. Unless he did receive the letter, he would probably never hear of the proceeding until the matter was acted on in this court. The proof is not sufficient that he did receive it. The case would be different if the letter had been registered to him and a return receipt to be signed by him on delivery had been demanded, obtained, and introduced in evidence, together with proof of his signature and of the contents of the notice registered.

The record presents no other questions than those raised in the bill of exceptions; and, as the motion to establish this is denied, the questions there raised cannot be considered. We may add, however, that, notwithstanding this, we carefully read the proposed bill of exceptions, and were impressed that no reversible error had been committed on the trial.

The judgment of conviction is affirmed.

Affirmed.