JUAN ARCE REICES, Plaintiff and Appellant, *v.* THE AMERICAN RAILROAD COMPANY OF PORTO RICO, Defendant and Appellee.

No. 5810. Argued June 9, 1932.—Decided June 16, 1932.

*Buenaventura Esteves* for appellant.   *M. Acosta Velarde* for appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the Court.

This is an action brought by Juan Arce Reices against The American Railroad Company of Porto Rico claiming $1,049 as damages. The appeal involves the question of the power of a court to grant a continuance conditioned upon the payment of costs and to dismiss the action where, by reason of the noncompliance with such condition, the trial is indefinitely postponed.

In its decision rendered on March 30, 1929, the District Court of Aguadilla said in part as follows:

"The hearing of this case was set for November 16, 1928. On that day the plaintiff moved for a continuance on the ground of the absence of a witness whose testimony was essential to the case, and exhibited an affidavit setting forth the testimony which the plaintiff expected to obtain from said absent witness. The defendant refused to consent that said testimony be considered as offered and overruled

as provided by the second paragraph of section 202 of the Code of Civil Procedure, whereupon the court stated that 'it was willing to postpone the trial provided the plaintiff who sought the continuance shall pay to the defendant the expenses incurred in this appearance,' and in order to give the parties an opportunity to discuss and agree as to the amount of such expenses, the court took a recess.

"When the session was reopened, the court found that both the plaintiff and the defendant, and their respective witnesses, had left the court room without informing the court whether they had come to an agreement as to the expenses already mentioned."

That is the version of the court. The plaintiff and appellant maintains in his brief that the facts occurred as follows:

" . . . and at this stage, the Honorable Judge said that 'the court was willing to postpone the trial provided the plaintiff who sought the continuance shall pay to the defendant the expenses incurred in this appearance,' and in order to give the parties an opportunity to discuss and agree as to the amount of said expenses, the court took a recess. Immediately thereafter, the attorney for the defendant and its witnesses left the court building WITHOUT HAVING DISCUSSED SAID EXPENSES AND WITHOUT HAVING STATED THE AMOUNT THEREOF; the plaintiff afterwards did the same thing, and when the session was reopened, the Honorable Judge found that no agreement or statement about said expenses had been filed and was compelled to decree the postponement of the trial 'BY REASON OF THE ABSENCE OF THE PARTIES.'

"Three days later, that is, on November 19, 1928, the defendant filed a memorandum of costs, disbursements, and expenses caused by said continuance, and on the 22d of the same month the plaintiff filed his answer objecting to the memorandum in its entirety."

On the contrary, the defendant and appellee in its brief says:

" . . . The defendant objected to the continuance or postponement of the trial, among other reasons, because of the expenses incurred, and the district court adjourned the hearing in order to give the parties an opportunity to agree as to the amount of costs to be paid. During the recess, the parties agreed that a memorandum of costs should be filed, which memorandum was prepared by the defendant on November 17 and mailed on the same day from San Juan to Aguadilla."

From the beginning both parties adhered to their respective positions, the defendant in its memorandum dated November 17, 1928, the plaintiff in his opposition thereto, dated the 22d of the same month. The court had knowledge of this controversy before rendering its decision of March 30, 1929, and although it did not specifically settle the conflict, yet, when it accepted the memorandum as a basis for the discussion, and subsequently approved it after weighing "the evidence introduced and the allegations of the parties," modifying some of its items, it impliedly accepted that the facts were as claimed by the defendant. Otherwise, if the court had believed that by reason of the conduct of the defendant, the plaintiff had been prevented from reaching an agreement so as to comply with its order, there is no doubt that it would have acted differently. To arrive at the truth of what happened, the conduct of the plaintiff himself is very significant. No satisfactory explanation is given why, if defendant left the court room as plaintiff claims, the latter did not stay to repeat that fact to the court. The absence of both parties is more in accord with the theory of the defendant than with that of the plaintiff.

On May 8, 1929, the defendant moved the court for an order directing the plaintiff to comply within a term of five days with its previous order which imposed the payment of the costs as a condition precedent to the granting of a continuance, and warning him that in default thereof, the action would be dismissed. Plaintiff, who had asked for another setting of the case for trial, objected; and on June 29, 1929, at the calling of the calendar of civil causes, the following occurred:

"Clerk: Your Honor, in this case there is a motion to dismiss the action because the defendant has not complied with a certain order of the court.

"Judge: This case was entered on the calendar and set for trial. On the day of the trial the plaintiff, Juan Arce Reices, moved for a continuance. Although there were really no legal grounds for a

continuance, the court granted it on condition that the author of the motion, the plaintiff Juan Arce Reices, would reimburse to the defendant, The American Railroad Company of Porto Rico, the costs paid by the latter to its witnesses by reason of their attendance. Subsequently, said plaintiff failed to comply with the condition imposed by the court regarding the payment of the aforesaid expenses and disbursements, which were included in a memorandum passed upon by the court on March 30 of the current year. The total of that memorandum has not been paid by said plaintiff. In deciding the question, the court stated that this case was not to be set for trial if the costs covered by the order entered upon the memorandum were not paid beforehand, and as it it appears that up to this time this has not been done, The American Railroad Company has filed two motions, one to dismiss the action, and another praying that the case should not be set for trial until the motion to dismiss shall have been determined. As regards the setting for trial, the court had already ordered it, though conditioned, as already stated, upon the payment of the costs awarded in the decision on the memorandum; and with respect to the dismissal, inasmuch as this case has been included in the calendar and is ready to be set for trial, the court grants that reason as a last concession, to the plaintiff Juan Arce Reices, until the next civil term of this court—the case can not be set for the current term because the first call of the calendar took place today—to pay to the defendant the costs this court taxes against him by its order on the memorandum of costs and disbursements, and warms him that if by the time the next call of civil causes is made, said costs have not been fully settled and paid to the defendant, the court will dismiss this action for damages, without further hearing the parties in the matter of the payment of costs and of the setting for trial already mentioned. Let the parties be notified.''

The record fails to show whether any further steps were taken in the action from June 29, 1929, until March 7, 1931, when the plaintiff moved again for the setting of the case for trial. In deciding this motion and after stating the antecedents of the case, the court decreed as follows:

''Therefore, the court orders and decrees that the plaintiff in this case, Juan Arce Reices, appear before this court within five days from the date he is formally served with notice of this order, to give any reasons he might have why:

"(a) He has not paid the total amount of the memorandum of costs approved in the instant case; and why

"(b) This case should not be dismissed, inasmuch as said order has not been complied with and more than a year has elapsed without any action being tken in the suit, which apparently has been abandoned without justifiable reason or cause."

In a motion dated March 17, 1931, the plaintiff answered thus:

"(a) That he has not paid the total amount of the memorandum of costs approved in the present case because the court had no power to approve the said memorandum and because the imposition of costs in said case, considering the attendant circumstances, is erroneous and constitutes an improper exercise of judicial discretion.

"(b) That notice of the order of this Honorable Court, said to be dated June 29, 1929, was never served on the plaintiff or on his attorney for which reason he had no knowledge of its existence."

Two days later the court ruled as follows:

"Therefore, the order dated June 29, 1929, not having been served on the plaintiff or on his attorney, and in order to give the plaintiff an opportunity to comply with it in its entirety, the court hereby vacates its order dated March 7, 1931, and in consequence thereof, it decrees and orders that plaintiff Juan Arce Reices shall deposit with the clerk of this court, the sum of $163.20, the total amount of the memorandum of costs approved in this case, to be held at the disposal of the defendant, and it warns said plaintiff that in default thereof the action will be dismissed without further notice or hearing, especially it appearing that due to the persistent refusal of the plaintiff to comply with the order of this court, this action has been practically abandoned for more than a year; and it is further ordered that notice of the order of June 29, already cited, be served by the clerk on the plaintiff."

The plaintiff was served with notice of the above order, and he persisted in his attitude. It was then that the court, on April 17, 1931, rendered the judgment appealed from whereby the action was dismissed and costs imposed on the plaintiff.

The appellant assigns four errors. He discusses together the first three, namely: lack of power by the court to impose

the costs; violation of section 335 of the Code of Civil Procedure; and the erroneous approval of the memorandum filed by the defendant. In his brief he says:

"We maintain that the district court had no power to impose costs and to approve said memorandum. There is no provision of law authorizing or empowering a court to order a litigant to pay to the adverse party the expenses the latter might have had by reason of an appearance to a trial that the court is *compelled* to postpone, as in the present case.

"Section 335 of the Code of Civil Procedure, the only one that might be invoked to uphold the discretionary power of the court to impose costs, is not applicable to a case like the one at bar. That section reads as follows:

" 'Sec. 335.—When an application is made to a court or referee to postpone a trial, the payment of costs occasioned by the postponement may be imposed, in the discretion of the court or referee, as a condition of granting the same.'

"The special circumstance that the court found itself without litigants when the setting was resumed after the recess, was the actual cause for the postponement of the trial. The court did not have to decide the motion for a continuance made by the plaintiff; the motion was settled by itself, that is, by the absence of the parties without the knowledge of the court.''

In stating the facts of the case, we called attention to the discrepancy existing between the respective accounts offered by the parties, and we said that the court impliedly accepted the appellee's version. Moreover, we stated that the version of the appellee was really more logical.

The appellant in his argument starts from the premise that his version is the correct one. Hence, we do not have to follow his reasoning. The power of the court to impose the payment of costs as a condition for granting a continuance arises from the statutory provisions cited by the appellant himself. If we accept the version of the appellee, the attendant circumstances do not show any abuse of discretion by the court in the exercise of that power. The various items of the memorandum were justified and finally approved with such modifications as the court deemed necessary to make.

By the fourth assignment of error the appellant maintains that even though it were admitted that the court was authorized to impose costs, it never had the power to subordinate the hearing of the case and the dismissal of the action to the payment of such costs. In his argument he confines himself to calling our attention to the injustice that would result in the case of an insolvent plaintiff, and to asserting that the plaintiff herein is insolvent. He cites no authority in support of his contention.

We have examined the record and we find nothing to show that the plaintiff was authorized to sue *in forma pauperis.* In the complaint he describes himself as a "business man" (*negociante*). When he accepted the continuance conditioned upon the payment of costs, he subjected himself to a liability corresponding to a solvent man. Therefore, we are bound to disregard the assertion of the appellant and to consider and decide the case at bar as an ordinary one in which no question of insolvency is involved.

In answer to the fourth assignment of error, the appellee cites the case of *Cerecedo Hnos. & Co. et al.* v. *General Administration,* 8 P.R.R. 430, which we do not consider entirely applicable, and volume 18 of Corpus Juris, page 1181, paragraph 90, which was the authority relied upon by the district court for its decision. The quotation from Corpus Juris is to the effect that disobedience to an order of a court is usually a sufficient ground for dismissal, as where, among other cases, the party fails to obey an order requiring the payment of costs. In support of this last proposition, citation is made of the case of *Albert Hass Lumber Co.* v. *Gibson,* 172 Ala. 111; Ann. Cas. 1913 D 497. In that decision, in so far as now pertinent, it is said:

"The interrogatories were served on one of the plaintiff's attorneys of record, and such service was authorized by the statute. Section 4050 of the Code of 1907; *Jackson* v. *Hughes,* 6 Ala. 257; *Cain Lumber Co.* v. *Standard Dry Kiln Co.,* 108 Ala. 346, 18 So. 882.

"Section 4055 is as follows: 'If answers to the interrogatories are not filed within thirty days after service of a copy of the interrogatories, or when the answers are not full, or are evasive, the court may either attach the party and cause him to answer fully in open court, or tax him with so much costs as may be just, and continue the cause until full answers are made, or direct a non-suit or judgment by default or decree pro confesso to be entered, or render such judgment or decree as would be appropriate if such defaulting party offered no evidence.' The plaintiff, not having answered the interrogatories, was taxed with the cost, and the case was continued, and an order made requiring the payment of the cost and the answering of the said interrogatories within ninety days. This action of the trial court was not only authorized by the statute but the penalty imposed was almost, if not quite, the lightest penalty authorized for the default.

"The order being authorized and reasonable, the court had the inherent power, at the next term, to dismiss for a noncompliance with the said order. Courts would indeed be helpless if they had no power to compel obedience to reasonable and authorized orders, and the wheels of justice would be clogged if suitors were permitted to defy orders and revel in defaults and contempt. Moreover, the judgment dismissing the cause shows the presence of counsel, and does not appear, from any part of the record, that there was an objection or exception to the action of the court."

The orders made by a court with jurisdiction must be obeyed. There is no question about that, and we have already decided that in the instant case the court had power to postpone the trial and impose the costs on the party applying for such postponement. If a continuance is granted subject to the payment of costs, the trial cannot be held until such condition has been complied with. And if the trial is not held the action would remain indefinitely on the calendar, which is something contrary to the proper functioning of the courts.

From the facts above stated we know of the several opportunities given by the court to the plaintiff and also of his attitude. Similarly as to the long time elapsed. Under the circumstances, the court could only dismiss the action, as it did.

The judgment appealed from must be affirmed.