JUAN ARCE REICES, demandante y apelante, *v.* THE AMERICAN RAILROAD COMPANY OF PORTO RICO, demandada y apelada.

No. 5810.—*Sometido:* Junio 9, 1932. *Resuelto:* Junio 16, 1932.

*Buenaventura Esteves,* abogado del apelante; *M. Acosta Velarde,* abogado de la apelada.

EL JUEZ PRESIDENTE SEÑOR DEL TORO, emitió la opinión del tribunal.

Este es un pleito seguido por Juan Arce Reices contra The American Railroad Company of Porto Rico en reclamación de $1,049 en concepto de daños y perjuicios. En el recurso están envueltas las cuestiones del poder de una corte para decretar la suspensión de una vista imponiendo como condición el pago de las costas y la de su facultad para desestimar la acción en caso de que a virtud del no cumplimiento de la condición la tramitación del litigio se dilate indefinidamente.

En su resolución de marzo 30, 1929, dijo, en parte, la Corte de Distrito de Aguadilla:

"La vista de este caso fué señalada para el día 16 de noviembre de 1928. En dicho día el demandante solicitó la suspensión del juicio por no haber comparecido uno de sus testigos cuya declaración en este pleito es esencial, habiendo el demandante producido bajo juramento la declaración que esperaba obtener del testigo ausente. La demandada no aceptó que dicha declaración se tuviera por presentada y rechazada de acuerdo con lo que establece el párrafo 2 del artículo 202 del Código de Enjuiciamiento Civil, por lo que la Corte entonces manifestó que 'estaría dispuesta a suspender el juicio siempre que el demandante, que solicita la suspensión, pague a la demandada los gastos en que ha incurrido para esta comparecencia', y al objeto de que las partes tuviesen oportunidad de discutir dichos gastos y se pusieran de acuerdo en cuanto al montante de los mismos, se declaró en receso.

"Reanudada la sesión, encontró la Corte que tanto el demandante como la demandada y testigos de ambas partes habían abandonado el salón del Tribunal, ausentándose sin haber dado cuenta sobre si habían llegado o no a un acuerdo en relación con los gastos a que se ha hecho referencia."

Esa es la versión de la corte. El demandante y apelante sostiene en su alegato que los hechos ocurrieron del siguiente modo:

". . . y en este estado, el Hon. Juez entonces manifestó 'que la corte estaría dispuesta a suspender el juicio siempre que el demandante, que solicita la suspensión, pague a la demandada los gastos en que ha incurrido para esta comparecencia . . .' y al objeto de que las partes tuvieran oportunidad de discutir dichos gastos y se pusieran de acuerdo en cuanto al montante de los mismos, se declaró la corte en receso. Inmediatamente después el abogado de la demandada y sus testigos se retiraron del edificio de la corte SIN HABER DISCUTIDO DICHOS GASTOS NI HABER EXPRESADO SU MONTANTE; lo propio hizo luego el demandante y, al reanudarse la sesión, el Hon. Juez se encontró con que no tenía ante sí ningún informe o acuerdo de las partes sobre dichos gastos y se vió obligado a decretar la suspensión del juicio, 'POR AUSENCIA DE LOS LITIGANTES'.

"Tres días después, o sea el 19 de noviembre de 1928, la demandada radicó un Memorándum de Costas, Gastos y Desembolsos

ocasionados por dicha suspensión y el 22 del mismo mes el deman-
dante radicó su oposición a dicho Memorándum impugnándolo en
todas sus partes.''

Por el contrario, la parte demandada y apelada sostiene
en el suyo:

''. . . La demandada se opuso a la transferencia o posposición
de la vista, alegando entre otros fundamentos, haber incurrido en
gastos y la Corte de Distrito suspendió la vista, declarando un receso
para que las partes se pusieran de acuerdo, en cuanto a las costas a
pagar. En dicho receso, convinieron las partes en radicar un me-
morándum de costas, memorándum que fué hecho por la demandada
el día 17 de noviembre y remitido aquel mismo día, desde la ciudad
de San Juan a la de Aguadilla.''

Ambas partes sostuvieron desde el principio esas posicio-
nes, la demandada en su memorándum del 17 de noviembre
de 1928, la demandante en su impugnación de 22 del propio
mes. La corte conocía el conflicto antes de dictar su reso-
lución de marzo 30 de 1929. No lo resolvió expresamente,
pero al aceptar el memorándum presentado como base para
la discusión y al aprobarlo luego después de considerada ''la
prueba introducida y las alegaciones de las partes'', alte-
rando algunas de sus partidas, aceptó implícitamente que los
hechos habían ocurrido como los expuso la demandada. De
otra suerte, si la corte hubiese creído que a virtud de la con-
ducta de la demandada le había sido imposible a la deman-
dante ponerse de acuerdo con ella para cumplir su orden, no
hay duda alguna que hubiera actuado de otro modo. Para
penetrar en la verdad de lo ocurrido, es muy significativa la
conducta de la propia parte demandante. No se explica sa-
tisfactoriamente que si la parte demandada se ausentó en la
forma que sostiene, no permaneciera ella en la corte para
hacerlo constar ante la misma. La ausencia de ambas par-
tes se armoniza más con la teoría de la demandada que con
la del demandante.

El 8 de mayo de 1929 la parte demandada presentó una
moción pidiendo a la corte que ordenara al demandante que

cumpliera con la resolución recaída sobre pago de las costas originadas por la suspensión de la vista decretada a su instancia con esa condición, dentro de un término de cinco días, apercibido de que si así no lo hiciera, se desestimaría y archivaría el pleito. Se opuso el demandante, que había pedido el nuevo señalamiento de la vista del litigio y el 29 de junio de 1929, en el llamamiento preliminar del calendario de asuntos civiles, ocurrió lo que sigue:

"Secretario:—Señor Juez; en este caso hay una moción solicitando el desistimiento del caso por cuanto el demandante no ha cumplido con cierta orden dictada por la corte.

"Hon. Juez:—Este caso fué incluído en el calendario y señalado para ser visto; en el acto de la vista solicitó la suspensión el demandante Juan Arce Reices; no habiendo motivos para acordar esa suspensión—motivos de carácter legal—la Corte sin embargo accedió condicionalmente a dicha suspensión, siendo esta condición la que sufragara el demandante Juan Arce Reices, peticionario de la suspensión las costas en que, con ocasión de la comparecencia, hubiera satisfecho a sus testigos la demandada American Railroad Company. Posteriormente dicho demandante dejó de cumplir la condición previa de la corte respecto de pagar los gastos y desembolsos de referencia, que fueron objeto de un memorándum resuelto por la corte con fecha 30 de marzo del año en curso, el monto de cuyo memorándum no ha sido satisfecho por el referido demandante. Al resolver la cuestión, la corte manifestó que no se señalaría este caso para vista si previamente no se satisfacían las costas consignadas en la resolución del memorándum, no habiéndolo sido hasta el presente, por lo que The American Railroad Company ha deducido dos mociones, una sobre desistimiento y archivo del caso y otra moción para que no se señale para juicio este pleito hasta que no sea resuelta la moción de la demandada sobre desistimiento y archivo. En cuanto al señalamiento, ya la corte lo había acordado, pero haciéndolo depender, como se ha dicho, del requisito previo del pago de las costas fijadas en su resolución al memorándum; y en cuanto a la moción de desistimiento y archivo del caso la corte dispone que estimado como incluso en el Calendario y listo para ser señalado este pleito, por las razones antes expuestas va la corte, como última concesión, a dar al demandante Juan Arce Reices un plazo hasta el nuevo término de juicios civiles de esta corte, ya que dentro del presente no podría ser señalado por haber tenido lugar en el día de hoy la

primera lectura de dicho calendario civil, para que satisfaga las costas mandadas a pagar a la demandada por este tribunal por su resolución relativa al memorándum de costas y desembolsos, con apercibimiento de que si para la fecha en que se haga el próximo llamamiento de juicios civiles de este tribunal no han sido totalmente liquidadas y satisfechas dichas costas a la demandada, la corte archivará y desestimará esta acción de daños y perjuicios, sin más oír a las partes en el incidente respecto del pago de costas y señalamiento de que se ha venido haciendo mención. Notifíquese a las partes.''

Nada revelan los autos que se gestionara en el pleito desde el 29 de junio de 1929 hasta el 7 de marzo de 1931 en que el demandante pidió de nuevo que se señalara día para la vista. A virtud de esa petición la corte, haciendo constar en su resolución los antecedentes del caso, acordó lo que sigue:

''POR TANTO, la corte decreta y ordena que el demandante en este caso, Juan Arce Reices, dentro del término de CINCO DÍAS, a contar desde la fecha en que sea formalmente notificado de esta orden, comparezca a exponer las razones que tuviere por las cuales:

''(a) No ha satisfecho el importe del memorándum de costas aprobado en el presente pleito; y,

''(b) No deba archivarse y sobreseerse este pleito, ya que en el mismo no se ha cumplido con dicha orden ni tampoco se ha practicado gestión alguna desde hace más de un año, encontrándose aparentemente abandonado sin causa ni motivo alguno que lo justifique.''

Se opuso el demandante alegando en moción de marzo 17, 1931:

''(a) Que no ha satisfecho el importe del memorándum de costas aprobado en el presente pleito, por entender que la corte carecía de jurisdicción para aprobar dicho memorándum y que la imposición de costas en este caso, dadas las circunstancias que concurren en el mismo, es improcedente y constituye un abuso de discreción judicial.

''(b) Que la orden de esta Hon. Corte que se dice tiene fecha 29 de junio de 1929 nunca fué notificada a este demandante ni a su abogado por lo cual éste la ignoraba y desconocía.''

Dos días después la corte resolvió:

''POR TANTO, y no habiendo sido notificado al demandante ni a su abogado la orden de fecha 29 de junio de 1929, y a fin de dar

una oportunidad al demandante para que cumpla la misma en todas sus partes, resuelve dejar y deja sin efecto ni valor alguno su orden de fecha 7 de marzo de 1931, y en su consecuencia, decreta y ordena que el demandante Juan Arce Reices, dentro del término de VEINTE días, a partir de la fecha en que sea formalmente notificado de esta orden, consigne en la Secretaría de esta Corte, a disposición de la demandada, la suma de $163.20, importe del memorándum de costas aprobado en este caso, apercibiéndole de que si así no lo hiciere, se desestimará y archivará este pleito sin más oírle ni citarle, máxime cuando resulta que debido a la obstinada negativa del demandante a cumplir lo ordenado por este Tribunal, este pleito ha estado por más de un año prácticamente abandonado; y que por el Secretario se notifique al demandante de la orden de fecha 29 de junio, a la cual tantas veces se ha hecho referencia."

Notificado el demandante persistió en su actitud y fué entonces que la corte el 17 de abril de 1931 pronunció la sentencia de que se apela en este caso teniendo al demandante por desistido y apartado de la continuación del mismo y ordenando su sobreseimiento y archivo, con costas.

■ La parte apelante señala la comisión de cuatro errores. Argumenta conjuntamente los tres primeros que se refieren a la falta de jurisdicción de la corte para imponer las costas, a la infracción del artículo 335 del Código de Enjuiciamiento Civil, y a la errónea aprobación del memorándum presentado por la parte demandada. Dice en su alegato:

"Sostenemos que la corte de distrito no tenía jurisdicción para imponer estas costas y aprobar dicho memorándum. No hay precepto legal alguno que faculte o autorice a un tribunal para obligar a un litigante a pagar a su contrario los gastos en que éste haya incurrido con motivo de una 'comparecencia' a un juicio, que la corte se ve *obligada* a suspender, como en el presente caso.

"El artículo 335 del Código de Enj. Civil, único que podría invocarse para sostener la facultad discrecional de la corte en cuanto a la imposición de costas, no es aplicable a un caso como el presente. Dicho artículo lee así:

" 'Artículo 335.—Cuando se hiciere una solicitud a una corte o a un árbitro para que se suspenda una vista, el pago de las costas que puedan ocasionarse por la suspensión puede imponerse a discre-

ción de la corte o del árbitro, como condición para accederse a la solicitud.'

"La circunstancia especial de haberse encontrado la corte sin litigantes, al reanudar su sesión después del receso, fué lo que obligó a la suspensión del juicio. Ni siquiera tuvo la corte necesidad de resolver la solicitud de suspensión hecha por el demandante; ella se resolvió por sí misma o, mejor dicho, por la ausencia de las partes sin el conocimiento del tribunal."

Al exponer los hechos del caso, pusimos de manifiesto la disparidad de apreciación que existía entre las partes y dijimos que la corte aceptó implícitamente la versión de la apelada. Aun más, expresamos que la versión de la apelada era en verdad la más lógica.

El apelante en su argumentación parte de la base de que su versión es la cierta. De ahí que no haya que seguirlo en sus razonamientos. La facultad de la corte para imponer las costas como condición para acceder a la suspensión, emana directamente del precepto legal citado por la propia parte apelante. Y las circunstancias concurrentes, aceptada la versión de la parte apelada, no revelan abuso alguno de discreción por parte de la corte al ejercer tal facultad. Las diferentes partidas del memorándum quedaron justificadas y la Corte las aprobó finalmente con las modificaciones que creyó necesario introducir.

Por el cuarto señalamiento de error sostiene el apelante que aun cuando se reconociera facultad a la corte para imponer las costas, jamás la tendría para supeditar a su pago la celebración del juicio y la extinción de la acción. Se limita en su argumentación a llamar la atención a la injusticia que resultaría en el caso de un demandante insolvente y a asegurar que el demandante en este caso lo es. No cita jurisprudencia alguna en apoyo de su contención.

Hemos examinado los autos y no encontramos en ellos dato alguno demostrativo de que el demandante fuera autorizado a litigar como pobre. En la demanda él mismo dice que es "negociante". Y al aceptar la suspensión pagando las cos-

tas, se impuso una responsabilidad que corresponde a un solvente. Estamos obligados, en tal virtud, a prescindir de la afirmación del apelante y a considerar y resolver el caso como uno corriente en que no está envuelta cuestión alguna de insolvencia.

Al impugnar la parte apelada el cuarto señalamiento de error cita el caso de *Cerecedo Hermanos y Compañía* v. *Administración General,* 8 D.P.R. 451, que no consideramos enteramente aplicable, y el volumen 18 de Corpus Juris, página 1181, sección 90 que fué la autoridad en que se apoyó la Corte de Distrito para dictar su resolución. La cita de Corpus Juris es al efecto de que la desobediencia a una orden de la corte es usualmente base suficiente para la desestimación del pleito, como cuando, entre otros casos, la parte deja de obedecer una orden que requiere el pago de las costas. En confirmación de este caso concreto se cita el de *Albert Hass Lumber Co.* v. *Gibson,* 172 Ala. 111, Ann. Cas. 1913 D, 497. La decisión, en lo pertinente a este caso, dice:

"Los interrogatorios fueron notificados a uno de los abogados de récord del demandante y tal notificación estaba autorizada por el estatuto. Artículo 4050 del Código de 1907. Jackson v. Hughes, 6 Ala. 257; Cain Lumber Co. v. Standard Dry Kiln Co., 108 Ala. 346, 18 So. 882.

"El artículo 4055 lee como sigue: 'Si las contestaciones a los interrogatorios no son archivadas dentro de treinta días después de notificarse con copia de los interrogatorios, o cuando las contestaciones no son categóricas o son evasivas, la corte puede llamar a la parte y obligarle a que conteste plenamente en corte abierta, o sentenciarle al pago de una suma justa por concepto de costas, y suspender la causa hasta que se den contestaciones categóricas, u ordenar que se registre un *nonsuit,* una sentencia en rebeldía o un decreto *pro confesso,* o dictar la sentencia o decreto correspondiente si la parte en rebeldía no ofreció prueba.' Por no haber contestado al interrogatorio, el demandante fué condenado al pago de costas y el caso fué suspendido y se dictó una orden exigiendo el pago de costas y que se contestara dicho interrogatorio dentro de noventa días. Esta actuación de la corte sentenciadora no solamente estaba autorizada

por el estatuto, sino que la penalidad impuesta casi fué, de no serlo, la penalidad ínfima autorizada por la rebeldía.

"Estando la orden autorizada y siendo razonable, la corte tenía el poder inherente, en su próximo término, de desestimar por no haberse cumplido con dicha orden. Las cortes estarían en verdad impotentes si carecieran de facultad para obligar a que órdenes razonables y autorizadas por el estatuto sean obedecidas, y el engranaje de la justicia sería obstaculizado si se permitiera a los litigantes desobedecer las resoluciones por ellas dictadas e incurrir en rebeldías y desacatos. Además, la sentencia desestimando la causa demuestra que el letrado estuvo presente y de los autos no aparece que se pusiera objeción o anotara excepción al proceder de la corte."

Las órdenes que con jurisdicción dictan las cortes, deben ser obedecidas. Sobre esto no hay cuestión, y ya hemos resuelto que aquí la corte tuvo jurisdicción para suspender la vista imponiendo a la parte que pidió la suspensión el pago de las costas. Si la vista se suspende imponiendo como condición el pago de las costas, no es posible celebrarla hasta que la condición se haya cumplido. Y si la vista no se celebra, el caso permanecería indefinidamente en el calendario, cosa contraria a la buena práctica en los tribunales.

A virtud de los hechos que dejamos expuestos, conocemos las varias oportunidades que dió la Corte al demandante y la actitud de éste. Además, el largo tiempo transcurrido. Bajo esas circunstancias, la Corte no pudo hacer otra cosa que desestimar como desestimó la acción.

*Debe confirmarse la sentencia recurrida.*